UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Deutsche Bank National Trust Company, | No. 1:23-cv-00625-KES-EPG |
| Plaintiff, | |
| v. | ORDER DISMISSING ACTION AS DUPLICATIVE OF *DEUTSCHE BANK V. RON OSBURN*, 1:23-cv-00003-JLT-SKO |
| Ronald Osburn, et al, | |
| Defendants. | Doc. 1 |

Defendants Ronald Osburn and Sadie Bell Osburn, proceeding pro se, removed this unlawful detainer action from the Tulare County Superior Court on April 24, 2023 ("*Deutsche Bank II*"). Doc. 1. In the notice of removal, they alleged generally that the unlawful detainer action violated their federal civil rights under 28 U.S.C. § 1443(1) and indicated a related bankruptcy matter was pending in the United States Bankruptcy Court for the Eastern District of California. *Id.* at 2. Pursuant to the court's order, the Osburns filed a notice of bankruptcy proceeding on June 22, 2023, noting their filing in Bankruptcy Case No. 23-10004. Doc. 3. The Bankruptcy Court's docket in Case No. 23-10004 reflects that the bankruptcy case was closed on September 18, 2023.

After reviewing the record and the papers, the court dismisses this action as duplicative of *Deutsche Bank National Trust Company as Trustee v. Ron Osburn*, No. 1:23-cv-00003-JLT-SKO ("*Deutsche Bank I*").

1

## I. BACKGROUND

### A. *Deutsche Bank I*

On January 1, 2023, the Osburns first removed this unlawful detainer action to federal court in Case No. 1:23-cv-00003-JLT-SKO. The court remanded that action to the Tulare County Superior Court for lack of subject matter jurisdiction. *Id.* at Doc. 3. The Osburns next filed a motion for reconsideration of the court's order, along with a motion for the district judge's recusal, both of which the court denied. *Id.* at Doc. 6. The case was closed on May 10, 2023, with instructions that the court would not accept any further motions. *See* docket.

### B. *Deutsche Bank II*

In the present case, the Osburns removed the same unlawful detainer action to this court on April 24, 2023. *See* docket at No. 1:23-cv-00625-KES-EPG. The complaint and other documents attached to the notice of removal in the present case are identical to those in *Deutsche Bank I*. The underlying action concerns an eviction proceeding related to real property located in Visalia, California. Doc. 1 at 23. Plaintiff Deutsche Bank National Trust Company, acting as trustee, purchased the property on December 28, 2021, at a trustee's sale and title passed to them, as reflected in the deed of sale. Doc. 1 at 24, 27–29. The Osburns have allegedly occupied the subject property since the trustee sale without Deutsche Bank's consent. *Id.* at 24. Deutsche Bank filed a notice to quit the property on June 28, 2022. *Id.* at 32. Thereafter, on August 25, 2022, Deutsche Bank filed an unlawful detainer action in the Tulare Superior Court (case number VCL203611), seeking restitution of the subject property, damages, and costs of suit.[1] *Id.* at 25. An entry of default appears to have been entered on October 21, 2022. *Id.* at 55. The superior court issued a writ of possession commanding the Osburns to vacate the property by January 4, 2023. *Id.* at 51, 57.

## II. DISCUSSION

"To determine whether a suit is duplicative, we borrow from the test for claim preclusion." *Adams v. Cal. Dep't of Health Servs.*, 487 F.3d 684, 688 (9th Cir. 2007) (quoting

---

[1] The court conducted a search, and there does not appear to be a record of this case, at this case number, in the Tulare Superior Court.

*Walton v. Eaton Corp.,* 563 F.2d 66, 70 (3d Cir. 1977)), overruled on other grounds by *Taylor v. Sturgell*, 553 U.S. 880, 904 (2008). "Thus, in assessing whether the second action is duplicative of the first, we examine whether the causes of action and relief sought, as well as the parties . . . to the action, are the same." *Adams*, 487 F.3d at 689; *see also Serlin v. Arthur Anderson & Co.*, 3 F.3d 221, 223 (7th Cir. 1993) ("[A] suit is duplicative if the claims, parties, and available relief do not significantly differ between the two actions." (internal quotation marks omitted)). "Dismissal of the duplicative lawsuit, more so than the issuance of a stay or the enjoinment of proceedings, promotes judicial economy and the 'comprehensive disposition of litigation.'" *Adams*, 487 F.3d at 692 (citation omitted).

Here, the notices of removal, the complaints, and the other attached documents are essentially identical in this action and in *Deutsche Bank I*. *See* Doc. 1 (*Deutsche Bank I*); Doc. 1 (*Deutsche Bank II*). The court has already remanded the unlawful detainer action to state court in *Deutsche Bank I* for lack of subject matter jurisdiction. The present action (*Deutsche Bank II*) is simply a duplicative re-filing of the same notice of removal, complaint, and related documents. The court in *Deutsche Bank I* already properly remanded this action to state court. Accordingly, the present case is dismissed as duplicative.

## III.   CONCLUSION

Accordingly, the Court ORDERS:

1. This action is DISMISSED with prejudice as duplicative.
2. The Clerk of Court is directed to close this case.

IT IS SO ORDERED.

Dated:   November 3, 2024

_____
UNITED STATES DISTRICT JUDGE